## STONE v. CITY OF TROY.

(*Supreme Court, General Term, Third Department.* February 7, 1889.)

MUNICIPAL CORPORATIONS—DEFECTIVE STREETS.

Plaintiff was injured by a wheel of his carriage sinking into a gutter as he sharply turned a corner. He offered testimony that the gutter was made of cobblestones, and that some of the stones had been removed, leaving a hole. Defendant city showed, by abundant testimony of such character as scarcely to admit of doubt, that the gutter was carved out of slate rock, which was a natural deposit; that it was properly formed, was in good condition, and in every respect suitable. *Held,* that judgment for plaintiff would be reversed.

Appeal from circuit court, Rensselaer county.

Action by Charles Stone against the city of Troy for damages for personal injuries. Judgment for plaintiff, and defendant appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*R. A. Parmenter,* for appellant.    *J. M. Whitman,* for respondent.

LANDON, J. Middleburgh and Eighth streets, in the city of Troy, intersect each other at right angles. Middleburgh street runs east and west, and its grade descends rapidly from the east to and across Eighth street. Along its south side, and crossing Eighth street, is a gutter for the passage of surface water. The Troy & Boston Railroad tracks cross Middleburgh street just west of Eighth street. The plaintiff, on the 2d day of November, 1882, was driving a team of horses, attached to a wagon in which he was sitting, down Middleburgh street towards Eighth, intending to cross Eighth. The Troy & Boston cars and engine blocked Middleburgh street just beyond Eighth. Plaintiff's horses became restless, but were under his control, and, as he could not continue further along Middleburgh street without waiting for the cars to pass out of the way, he turned rather sharply from that street southerly, down Eighth street. He was at the intersection of two streets, upon a steep hill-side, and in sharply and rapidly turning the corner one wheel sank into the depression of the gutter, as he diagonally was passing it, and the plaintiff was thrown out and injured. There was testimony on the part of the plaintiff to the effect that the gutter was made of cobble-stones, and that some of the stones had been removed, leaving a hole into which the wheel sank; also that this hole had existed for a long time. This testimony would be sufficient to uphold the verdict if it were credible; but an examination of the case shows that this testimony is not entitled to credit. It was shown on the part of the city, by an abundance of testimony of such a character as scarcely to admit of a doubt, that the gutter was not made of cobble-stones, but was carved out of the slate rock, which was a natural deposit there; that it was properly formed, was in good condition, and in every respect suitable for the locality. It is probable that the depression in the gutter contributed to the injury, but the gutter was not out of repair, it was not improperly constructed, and hence the negligence of the defendant did not cause the plaintiff's injury.

We think the motion made upon the minutes to set aside the verdict should have been granted in the proper exercise of discretion by the court. The case does not contain the order entered upon the denial of the motion made upon the minutes to set aside the verdict, but a certified copy of it is handed up on the argument, and we receive it with like effect as if printed in the case. Judgment reversed, new trial granted, costs to abide the event. All concur.